IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MOHAMED GEBLAOUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-1229 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Mohamed Geblaoui ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking

judicial review of the final decision of the Commissioner of the Social Security Administration

("Commissioner").  Commissioner denied Plaintiff's claim for a period of Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act.  Before the Court are Plaintiff's

Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 12) and Commissioner's

Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 14).  The Court has

reviewed the motions, related memoranda, and the applicable law.  No hearing is deemed

necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court hereby

**REVERSES** and **REMANDS** the matter for further clarification.

### I.      Procedural Background

On May 13, 2013, Plaintiff filed for DIB under Title II of the Social Security Act.  R. 17.

Plaintiff alleged disability due to heart disease, osteoporosis, plantar fasciitis, an enlarged

prostrate, reflux, hypertension, and elevated cholesterol.  R. 164.  An administrative hearing was

held on January 13, 2016, R. 28-64, and on January 27, 2016, the claim was denied. R. 14. Plaintiff sought review by the Appeals Council, which concluded on March 2, 2017, that there was no basis for granting the Request for Review. R. 1

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r, Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x, at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d, at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary

if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § 205(g) precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.' ").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d, at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court.  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i) (2012).  If he is doing such activity, he is not disabled.  If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement."  20 C.F.R. § 404.1520(a)(4)(ii) (2012).  If he does not have such impairment or combination of impairments, he is not disabled.  If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement."  20 C.F.R. § 404.1520(a)(4)(iii) (2012).  If he does have such impairment, he is disabled.  If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7 (S.S.A.). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

## III. Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 19-23. At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from the alleged onset date of May 13, 2010 through his date last insured of December 31, 2013. R. 19. At step two, under 20 C.F.R. § 404.1520(c), the ALJ

determined that, through the date last insured, Plaintiff had the following severe impairments: hypertension, hyperlipidemia, coronary artery disease, and status-post three vessel coronary bypass. *Id.* The ALJ stated that the listed impairments were severe "because they limited the claimant's abilities to perform basic work activities." *Id.* In step three, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526. R. 20. At step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except Plaintiff could perform only occasional climbing of ramps and stairs; could balance, kneel, stoop, crouch, and crawl on no more than an occasional basis; could never climb ladders, ropes or scaffolds; and was to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, hazardous moving machinery, and unprotected heights. *Id.* At step five, the ALJ determined that Plaintiff was capable of performing his past relevant work as a store manager, security guard, and retail sales clerk. R. 22. The ALJ then concluded that Plaintiff was not disabled, as defined by the Social Security Act. R. 23.

On appeal, Plaintiff requests that the Court grant summary judgment in his favor or remand this matter to the Social Security Administration for a new administrative hearing, alleging that the ALJ erroneously assessed Plaintiff's RFC and subjective complaints. Pl.'s Mot. 1, 3, 8. For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A. The ALJ failed to provide a proper narrative discussion to support his determination on Plaintiff's RFC limitations.

At step four of the factor-by-factor determination, the ALJ made multiple findings regarding Plaintiff's RFC, stating:

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant could perform only occasional climbing of ramps and stairs and he could balance, kneel, stoop, crouch and crawl on no more than an occasional basis. The claimant could never climb ladders, ropes, or scaffolds. He was to avoid concentrated exposure to extreme cold and extreme heat and concentrated exposure to excessive vibration and hazardous moving machinery and unprotected heights.

R. 20. However, the ALJ failed to provide a proper narrative discussion because he did not cite and apply specific evidence to support his conclusions about Plaintiff's RFC limitations.

While this Court is required to accept the ALJ's factual findings if they are supported by substantial evidence with the application of the correct legal standard, it cannot affirm findings in the absence of substantial evidence. *See Owens v. Comm'r, Soc. Sec.*, Civ. C. No. MJG-17-829, 2017 WL 6621107 at *1 (D. Md. Dec. 28, 2017) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Instead, the ALJ must provide a narrative discussion with the RFC assessment "describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence." SSR 96-8p, 1996 WL 374184 at *7. A proper narrative discussion following an ALJ's RFC finding "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Without a proper narrative discussion from the ALJ, "it is impossible for the Court to determine whether or not the decision was based on substantial evidence." *Jones v. Astrue*, No. SKG-09-1683, 2011 U.S. Dist. LEXIS 133371, at *40 (D. Md. Nov. 18, 2011) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

In the instant case, while the ALJ has proffered substantial objective and subjective evidence from the record, R. 20-22, there is no discussion as to whether, or how, the evidence

supports the ALJ's findings on the specific limitations in Plaintiff's RFC. Indeed, the ALJ states that Plaintiff "was to avoid exposure to extreme cold and extreme heat . . . excessive vibration and hazardous moving machinery and unprotected heights," R. 20, but does not provide evidence that led him to include these limitations in Plaintiff's RFC. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine if the ALJ's decision on Plaintiff's RFC limitations is supported by substantial evidence. The Court remands the case back to the ALJ with specific instructions to develop the record by providing a narrative discussion of what sources were used to determine Plaintiff's RFC limitations and how they support his findings.

### B. The ALJ did not fail to properly evaluate Plaintiff's urinary frequency.

Plaintiff alleges that the ALJ failed to properly evaluate Plaintiff's urinary frequency. Pl.'s Mot. 5. Plaintiff asserts that the ALJ's finding that Plaintiff "did not need more than the usual work breaks" to address his urinary frequency is "insupportable" because "Plaintiff's treating urologist consistently reported that the Plaintiff was urinating every 45 minutes." Pl.'s Mot. 6. Likewise, Plaintiff cites to an increase in medication to treat his overactive bladder as further evidence of the ALJ's finding being "insupportable." *Id*. While these pieces of evidence may be construed as support for Plaintiff's viewpoint, this Court's role is not to reweigh the evidence, and the Court must accept the ALJ's factual findings if they are supported by substantial evidence. *Hays*, 907 F.2d at 1456 (citations omitted). In the instant case, the ALJ's finding that Plaintiff's urinary frequency could be addressed with regular breaks is supported by substantial evidence. The ALJ noted that the causes of Plaintiff's frequent urination, prostatitis and occlusive lateral lobes, were treated with laser vaporization of his prostate which led to improved voiding. R. 19. The ALJ also discussed Plaintiff's testimony that he needed to use the

bathroom every 15 minutes, noting that it was inconsistent with Plaintiff's report to his urologist

that he had only occasional urinary frequency five months after undergoing the laser

vaporization procedure.  R. 22.  Finally, the ALJ cited a medical report created subsequent to the

laser vaporization and medication increase describing Plaintiff's urinary problems as "under

control."[1]  *Id.*  Thus, the ALJ properly evaluated Plaintiff's urinary frequency because his

finding is supported by substantial evidence.

### C. The ALJ failed to properly address the side effects of Plaintiff's medications in assessing his RFC.

Plaintiff claims that the ALJ failed to properly address the side effects of Plaintiff's

medications in assessing his RFC.  Pl.'s Mot. 7.  Specifically, Plaintiff cites to side effects of

dizziness, weakness, drowsiness, and frequent urination.  *Id.*  The ALJ addressed Plaintiff's

concerns in the RFC finding that the side effects of Plaintiff's medications were "mild and would

not interfere with [Plaintiff's] ability to perform work activities in any significant manner."  *Id.*

(citing R. 22).  However, while the ALJ properly addressed the evidence concerning Plaintiff's

frequent urination, the ALJ failed to provide specific evidence he considered in making his

finding regarding the medication side effects.  The ALJ's unsupported conclusion that "the

record indicates generally that [the] side effects are mild and would not interfere with the

claimant's ability to perform work activities in any significant manner" is insufficient to satisfy

the RFC's narrative explanation requirements.  *See, e.g.*, *Jones*, 2011 U.S. Dist. LEXIS 133371,

at *38–39.  While Commissioner attempts to identify evidence from the record to support the

ALJ's findings, the "primary function of this Court on review . . . is not to try plaintiff's claim *de*

*novo*, but rather to leave the findings of fact to the agency and to determine upon the whole

---

[1] While the ALJ also cited to Plaintiff's long plane trip to Lebanon as evidence of his urinary frequency being under control, the Court must consider Plaintiff's testimony that on said plane ride "he was seated next to the bathroom . . . and was able to use the bathroom every 15 minutes."  Pl.'s Mot. 7.  Considering there is no evidence to support either the ALJ's findings or Plaintiff's contentions, the Court must look to the entire record in making its findings.

record whether the agency's decision is supported by substantial evidence." *Schoofield*, 220 F. Supp. 2d, at 515. Without guidance from the ALJ regarding what evidence he considered in reaching his findings about Plaintiff's medication side effects, this Court cannot determine whether the finding is supported by substantial evidence. The Court remands the case with specific instructions for the ALJ to further explain how the record supports these findings.

### D. The ALJ erroneously evaluated Plaintiff's subjective complaints.

Plaintiff alleges that the ALJ erroneously evaluated his subjective complaints. Pl. Mot. 8. After considering the evidence presented, the ALJ determined that the alleged symptoms could have reasonably been caused by Plaintiff's impairments, but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . .". R. 21. Plaintiff claims that the ALJ's determination was flawed in that it was not supported by an explanation of which statements the ALJ found not credible. Pl.'s Mot. 8 (relying on *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). The ALJ's determination was not supported by substantial evidence.

In evaluating a claimant's subjective complaints pursuant to 20 C.F.R. § 404.1529, the ALJ is required to follow a two-step process. First, the ALJ must find that objective medical evidence is present to show that a claimant has a medical impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). In the instant case, the ALJ found that based on the objective medical evidence, Plaintiff's impairments could "reasonably be expected to cause the alleged symptoms." R. 21. At the second step, the ALJ must evaluate the intensity and persistence of a claimant's symptoms to determine the extent to which it affects his ability to work. 20 C.F.R. § 404.1529(c). This step requires the ALJ to assess the credibility of the claimant's statements about his symptoms and their effect on his

ability to perform work activities.  *E.g.*, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §

404.1529(c)(4)).  If the ALJ finds that Plaintiff's statements are less than fully credible, he must

support his conclusion by identifying which statements he finds less than credible and explaining

"how he decided which . . . to believe and which to discredit."  *Mascio v. Colvin*, 780 F.3d 632,

640 (4th Cir. 2015).

In the instant case, the ALJ concluded that Plaintiff's statements concerning the intensity,

persistence and limiting effects of his symptoms were "not entirely credible."  R. 21.  However,

the ALJ has failed to identify which of Plaintiff's statements the ALJ found to be less than

credible and how he made his determination.  *Id.*  Instead, the ALJ simply summarized Plaintiff's

testimony and proceeded to list various pieces of objective and subjective evidence from the

record that he presumably finds useful, credible, or consistent, without explaining how they

undermine the credibility of Plaintiff's statements.  R. 21.  Indeed, the ALJ stated "the claimant

*has conceded* that he was able to carry groceries up two flights of stairs without stopping and

without shortness of breath . . . ." (emphasis added), suggesting that Plaintiff's concession is

somehow inconsistent with of one of Plaintiff's statements.  *Id.* at 22.  Yet, the ALJ fails to

articulate further, thus failing to "build an accurate and logical bridge from the evidence" he

summarized to his conclusion that Plaintiff's statements are less than credible.  *Monroe*, 826

F.3d at 189.  Instead, the ALJ should have connected his assertions with Plaintiff's statements,

i.e. "claimant's admission of the ability to climb stairs directly contradicts his alleged inability to

perform even light work, including lifting, standing, or walking."  Similarly, the ALJ describes

numerous objective tests such as a lipid panel on February 12, 2011 and "labs dated September

3, 2013 reveal[ing] total cholesterol of 143, triglycerides of 128, HDL of 43, and LDL 74," R.

21, but fails to indicate whether or how this evidence undermines even Plaintiff's general

credibility, let alone a specific statement. *Lewis*, 858 F.3d at 866. While Commissioner is correct that objective medical evidence may be used in part to discount Plaintiff's subjective complaints, without a narrative discussion from the ALJ explaining the role of that evidence in his determination, the Court cannot review if this determination was proper. The Court remands the case with specific instructions for the ALJ to develop the record by providing a narrative discussion identifying which of Plaintiff's statements he found to be less than credible and the evidence he relied upon in making that determination.

**IV.    Conclusion**

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instructions for the ALJ to develop his narrative discussion in accordance with the Court's determinations herein.

June 19, 2018                                     _____/s/_____
                                                 Charles B. Day
                                                 United States Magistrate Judge

CBD/gbc/mag

11